James E. Cecchi
John M. Agnello
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
Attorneys for Plaintiff
HANOVER 3201 REALTY, LLC

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HANOVER 3201 REALTY, LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>VILLAGE SUPERMARKETS, INC., HANOVER AND HORSEHILL DEVELOPMENT, LLC, ABC CORPORATIONS 1-10 (names being fictitious and unknown but described as those corporations associated with Village that assisted with and promoted the use of sham litigations and anti-competitive acts), and JOHN DOES 1-10 (names being fictitious and unknown but described as those individuals associated with Village that assisted with and promoted the use of sham litigations and anti-competitive acts),<br><br>       Defendants. | Civil Action No. 14-1327(SRC)(CLW)<br><br><u>**NOTICE OF APPEAL**</u> |

To:  Clerk
   United States District Court
   Martin Luther King Federal Building
   50 Walnut Street
   Newark, New Jersey 07102

   All persons on ECF Service List

   PLEASE TAKE NOTICE that Plaintiff Hanover 3201 Realty LLC appeals to the United States Court of Appeals for the Third Circuit from the Opinion and Order of the United States

District Court for the District of New Jersey granting Defendants' motions to dismiss entered in this action on October 2, 2014.  Copies of the aforesaid Order and Opinion are attached hereto.

                                              CARELLA, BYRNE, CECCHI,
                                              OLSTEIN, BRODY & AGNELLO
                                              Attorneys for Plaintiff


                                        By:   /s/ James E. Cecchi
                                                 JAMES E. CECCHI
                                                 JOHN M. AGNELLO

Dated: October 14, 2014

*CLOSED*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HANOVER 3201 REALTY, LLC, : | **Civil Action No. 14-1327 (SRC)** |
| Plaintiff, : | |
| : | **ORDER** |
| v. : | |
| VILLAGE SUPERMARKETS, INC. et al., : | |
| Defendants. : | |

**CHESLER**, District Judge

    This motion having come before the Court on the motion to dismiss the Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a valid claim for relief by Defendants Village Supermarkets, Inc. and Hanover and Horsehill Development LLC; and it appearing that this Court reviewed the parties' submissions; and for the reasons set forth in the accompanying Opinion, and good cause appearing,

    **IT IS** on this 2nd day of October, 2014,

    **ORDERED** that Defendants' motion to dismiss the Amended Complaint (Docket Entry No. 17) is **GRANTED**; and it is further

    **ORDERED** that the First and Second Counts in the Amended Complaint are hereby **DISMISSED** with prejudice; and it is further

**ORDERED** that the remaining claims in the Amended Complaint are hereby

**DISMISSED** for lack of subject matter jurisdiction.


                                                                                                       s/ Stanley R. Chesler  
                                                                                                      Stanley R. Chesler, U.S.D.J

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HANOVER 3201 REALTY, LLC, : | Civil Action No. 14-1327 (SRC) |
| : | |
| Plaintiff, : | |
| : | OPINION |
| v. : | |
| : | |
| VILLAGE SUPERMARKETS, INC. et al., : | |
| : | |
| Defendants. : | |

**CHESLER**, District Judge

This motion comes before the Court on the motion to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a valid claim for relief by Defendants Village Supermarkets, Inc. and Hanover and Horsehill Development LLC. For the reasons stated below, the motion to dismiss will be granted.

The Amended Complaint alleges a dispute between Plaintiff Hanover 3201 Realty, LLC (the "Developer") and Defendants Village Supermarkets, Inc. and Hanover and Horsehill Development, LLC, alleged in the Amended Complaint to be a wholly-owned subsidiary of Village Supermarkets (collectively, "ShopRite"). In brief, the Amended Complaint alleges that the Developer owns a piece of property near Morristown, New Jersey, that the Developer has a lease and site development agreement for the property with Wegman's, the supermarket company, and that ShopRite has worked to prevent the development of a Wegman's store on the property. (Am. Compl. ¶¶ 1-4.) The Amended Complaint asserts seven claims. The First and Second Counts assert claims for monopolization, attempted monopolization, and conspiracy to

monopolize, in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.  The other five claims arise under state law.

Defendants move to dismiss the Sherman Act claims on several grounds.  Among them are arguments that the First and Second Counts fail to state valid claims for relief because the Developer lacks antitrust standing and the Amended Complaint fails to sufficiently allege antitrust injury.

The Third Circuit has summarized the factors to be considered in the antitrust standing inquiry as follows:

> (1) the causal connection between the antitrust violation and the harm to the plaintiff and the intent by the defendant to cause that harm, with neither factor alone conferring standing; (2) whether the plaintiff's alleged injury is of the type for which the antitrust laws were intended to provide redress; (3) the directness of the injury, which addresses the concerns that liberal application of standing principles might produce speculative claims; (4) the existence of more direct victims of the alleged antitrust violations; and (5) the potential for duplicative recovery or complex apportionment of damages.  *In re Lower Lake Erie Iron Ore Antitrust Litig.*, 998 F.2d 1144, 1165-66 (3d Cir. 1993).
>
> The second factor, antitrust injury, is a necessary but insufficient condition of antitrust standing.  If it is lacking, we need not address the remaining . . . factors.

Ethypharm S.A. Fr. v. Abbott Labs., 707 F.3d 223, 232-233 (3d Cir. 2013).  Thus, where antitrust injury has not been adequately pled, a party necessarily lacks antitrust standing.

As to antitrust injury, the Third Circuit has held:

> As a general matter, the class of plaintiffs capable of satisfying the antitrust-injury requirement is limited to consumers and competitors in the restrained market, and to those whose injuries are the means by which the defendants seek to achieve their anticompetitive ends . . .

W. Penn Allegheny Health Sys. v. UPMC, 627 F.3d 85, 102 (3d Cir. 2010) (citations omitted).

The Third Circuit has recognized a limited exception to this rule "where the harm is 'inextricably

intertwined' with the defendant's wrongdoing." Carpet Group Int'l v. Oriental Rug Importers Ass'n, 227 F.3d 62, 77 (3d Cir. 2000). The Third Circuit subsequently limited the scope of the exception stated in Carpet Group:

> There, we found that brokers, who were neither direct competitors of the defendants nor consumers, had standing to assert an antitrust action against an association of importer/wholesalers of oriental rugs because their injury was "inextricably intertwined" with defendants' alleged anticompetitive conduct in the market for oriental rugs. Since that time, however, we have declined to extend the "inextricably intertwined" exception beyond cases in which both plaintiffs and defendants are in the business of selling goods or services in the same relevant market.

Broadcom Corp. v. Qualcomm Inc., 501 F.3d 297, 320-321 (3d Cir. 2007). ShopRite contends that antitrust injury is lacking because the parties are not direct competitors, the Developer is not a consumer, and the requirements of the limited exception are not satisfied.

The Developer argues in opposition that it fits within the limited exception because its injuries are inextricably intertwined with those of consumers or competitors. The Developer's reasoning in support of this position, however, is unpersuasive. First, the Developer contends that the Amended Complaint alleges antitrust injury in two different markets, "the full-service supermarket market, and the full-service supermarket shopping center market, *i.e.*, the shopping center landlord market." (Pl.'s Opp. Br. 18.) The Developer argues that it competes directly with ShopRite in the shopping center landlord market (the "Development Market"), but points to no supporting factual allegations in the Amended Complaint. This Court finds nothing in the Amended Complaint that indicates that ShopRite competes as a landlord of shopping centers. Nor does the Amended Complaint plead facts that make plausible that the Developer competes as a grocer. The parties do not appear to compete against each other in either market.

The Developer cites in support the Seventh Circuit's decision in Serfecz v. Jewel Food

Stores, 67 F.3d 591, 599 (7th Cir. 1995), which is not analogous.  In Serfecz, Plaintiffs were lessors of rental space to grocers.  Id. at 597.   Five Defendants were alleged to have been involved in mall development.  Id. at 595 n.5.  Serfecz thus involved a dispute between shopping center developers.  The Amended Complaint does not allege that ShopRite engaged in misconduct as a lessor of rental space for grocers, or as a shopping center developer.

As to the Development Market, the Amended Complaint does not allege facts which make plausible an inference that Plaintiff has sustained an injury which is of the type for which the antitrust laws were intended to provide redress.  The Amended Complaint fails to adequately allege antitrust injury as to this market.

As to the supermarket shopping center market (the "Supermarket Market"), the Developer argues that it has standing to assert these antitrust claims because it was the intended target of Defendants' anti-competitive activities.  There are two main problems with this argument.  First, setting aside for the moment the question of whether Defendants are right on the law, the Amended Complaint does not allege a factual basis for an inference that ShopRite targeted the Developer.  Rather, it seems obvious from the Amended Complaint that ShopRite, if it targeted anyone, would have targeted its grocer competitor, Wegman's.  More significantly, however, the Developer has not overcome the limitation to the "inextricably intertwined" exception stated in Broadcom.  Plaintiff contends, correctly, that Broadcom does not take a stand against extending the "inextricably intertwined" exception, but notes that the Third Circuit merely stated that it has, so far, declined to do so.  This Court similarly declines to break new ground in this regard; perhaps Plaintiffs, on appeal, will convince the Third Circuit to expand the exception.  At this point, it does not appear to this Court that Plaintiff's claims as to the

Supermarket Market fall within the "inextricably intertwined" exception. The Developer and ShopRite are not direct competitors in the Supermarket Market. The Amended Complaint fails to adequately allege antitrust injury as to this market.

Furthermore, the argument that this Court should break new ground and expand the exception, because the Third Circuit has not expressly forbidden it, is not a persuasive argument in favor of doing so. The Developer does not explain what makes that a just outcome. In Carpet Group, the Third Circuit explained that it had created the exception because not doing so could "lead to results that conflict with Supreme Court and other precedent." 227 F.3d at 76. The Developer's opposition brief does not explain how such a conflict would be produced in this case, absent an expansion of the law.

It is also helpful to look at the Third Circuit's comments about the exception in Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, 171 F.3d 912, 926 (3d Cir. 1999):

> [W]e have sometimes expressed the injury requirement in terms of the harm being "inextricably intertwined" with the defendant's wrongdoing. *See, e.g., Gulfstream III Assocs.*, 995 F.2d at 429 (holding that plaintiff's injury may flow from defendant's wrongdoing if "there exists a 'significant causal connection' such that the harm to the plaintiff can be said to be 'inextricably intertwined' with the antitrust conspiracy" (citation to *McCready* and other cases omitted)). The simple invocation of this phrase, however, will not allow a plaintiff to avoid the fundamental requirement for antitrust standing that he or she have suffered an injury of the type--almost exclusively suffered by consumers or competitors--that the antitrust laws were intended to prevent.

This makes clear that the bottom line requirement here is that the injury must be of the type that the antitrust laws were intended to prevent. The Developer has made no showing that its injuries meet this standard.

In support of its "inextricably intertwined" argument, the Developer cites Blue Shield of

Va. v. McCready, 457 U.S. 465, 478 (1982). McCready is indeed a key case here – but it does not support the Developer's position. In McCready, the plaintiff was a consumer who was not the intended target of the anti-competitive scheme, but rather an indirect victim. Id. at 483. The Amended Complaint does not allege that the Developer is a consumer, but rather a business that is the indirect victim of ShopRite's acts against Wegman's. There is nothing in McCready that supports the argument that the Developer has suffered the kind of injury that the antitrust laws were intended to prevent.

The Sixth Circuit's application of McCready in Southaven Land Co. v. Malone & Hyde, Inc., 715 F.2d 1079, 1086 (6th Cir. 1983), is on point. Southaven involved a shopping center owner-lessor, Southaven, who complained of suffering injury from the acts of a grocer, Malone, accused of interfering with Southaven's attempts to secure a competing grocer tenant. Id. at 1080. Applying McCready, the Sixth Circuit held:

> *McCready* instructs that an injury "inextricably intertwined" with the injury sought to be inflicted upon the relevant market or participants therein may fall "within the area of congressional concern" so as to satisfy the § 4 inquiry. . . . In the case at bar Southaven's injury cannot be construed as "inextricably intertwined", within the meaning of *McCready*, with the injury allegedly inflicted by Malone upon the relevant grocery market so as to make Southaven's injury "of a type that Congress sought to redress in providing a private remedy for violations of the antitrust laws." *McCready*, 457 U.S. at 483. Southaven is not alleged to be a member of a class of "consumers" of grocery products or a class otherwise manipulated or utilized by Malone as a fulcrum, conduit or market force to injure competitors or participants in the relevant product and geographical markets. Although Southaven's injury may be a tangential by-product of Malone's averred monopolistic conduct, such injury is not inextricably intertwined to any injury inflicted upon the relevant market. Accordingly, Southaven is not a consumer, customer, competitor or participant in the relevant market or otherwise inextricably intertwined with any such entity. Its injury is not sufficiently linked to the pro-competitive policy of the antitrust laws.

Id. at 1086-1087. Such is the case here.

6

A district court case on all fours is <u>Rosenberg v. Cleary, Gottlieb, Steen & Hamilton</u>, 598 F. Supp. 642 (S.D.N.Y. 1984). In <u>Rosenberg</u>, a landowner/developer, who was not a grocer, but a lessor to a supermarket under construction, sued a number of defendants who had attempted to block the supermarket's construction with state court litigation. <u>Id.</u> The district court, citing <u>Southaven</u>, held that, while the complaint alleged a conspiracy among grocer-competitors to prevent competition, it did not allege that the developer had sustained any antitrust injury. <u>Id.</u> at 645. The <u>Rosenberg</u> court found that, since the developer was not a grocer, its injury was remote and tangential, and not of the type that should be addressed by the antitrust laws. <u>Id.</u> at 646. The court stated that the developer's "lack of actual involvement in the retail grocery market makes it an inappropriate complainant of an antitrust violation in that market." <u>Id.</u> at 645. Again, such is the case here.

As to the parts of the First and Second Counts which allege a conspiracy to violate the Sherman Act, the Amended Complaint provides only vague and conclusory statements. The Amended Complaint does not identify the alleged co-conspirators except as "John Doe" defendants, nor does it state any facts about alleged conspiring conduct. Under Third Circuit law, "only allegations of conspiracy which are particularized . . . will be deemed sufficient." <u>Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.</u>, 836 F.2d 173, 181 (3d Cir. 1988). "The allegation of unspecified contracts with unnamed other entities to achieve unidentified anticompetitive effects does not meet the minimum standards for pleading a conspiracy in violation of the Sherman Act." <u>Garshman v. Universal Resources Holding, Inc.</u>, 824 F.2d 223, 230 (3d Cir. 1987). The Amended Complaint does not contain particularized allegations of conspiracy, and the claims for conspiracy to violate the Sherman Act will be dismissed.

The claims in the Amended Complaint for violation of the Sherman Act fail to state a valid claim for relief because they fail to plead an antitrust injury in either the Development Market or the Supermarket Market. Amendment is futile; no additional factual allegations will remedy this defect. These claims will be dismissed with prejudice.

Because this Court has dismissed the claims arising under federal law, and because there is no independent basis asserted for this Court's subject matter jurisdiction over this case, this Court now lacks original jurisdiction over this case. "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because this Court has now dismissed all claims over which it had original jurisdiction, it exercises its statutory discretion and declines to exercise supplemental jurisdiction over the remaining state law claims.

The motion to dismiss is granted, and the First Count and Second Count are dismissed with prejudice. The remaining counts are dismissed for lack of subject matter jurisdiction.

    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J

Dated: October 2, 2014