**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HANOVER 3201 REALTY, LLC,<br>                Plaintiff,<br>v.<br>VILLAGE SUPERMARKETS, INC., et al.,<br>                Defendants,<br>v.<br>MACK-CALI REALTY CORP., et al.,<br>                Third-Party Defendants. | Civil Action No. 2:14-cv-1327 (SRC)(CLW)<br><br>**OPINION & ORDER** |

**THIS MATTER** comes before the Court upon motion by Defendants', Village Supermarkets, Inc., et al. ("Village"), Motion to Bifurcate Discovery. The Court declined to hear oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure and, for the reasons set forth below, the Court denies Defendants' motion.

On February 28, 2014, Plaintiff filed suit against Defendants in the District of New Jersey under the Sherman Antitrust Act 15 U.S.C. § 2, for monopolizing, attempting to monopolize, and conspiring to monopolize (1) the market for "full-service supermarket[s]" in the "greater Morristown" area; and (2) the market for "full-service supermarket shopping center[s]" in the "greater Morristown" area. (Amended Complaint, ¶¶ 178-190 and ¶¶ 191-200, ECF No. 11). The Plaintiff, Hanover 3201 Realty, LLC ("Hanover"), is a real estate developer who contracted to construct and lease to Wegmans a supermarket in Hanover, NJ. Defendant, Village Supermarkets, owns and operates ShopRite supermarkets, including one in Hanover. (Brief at 2). Plaintiff alleges that Village tortuously interfered with its Wegmans contract by perpetuating "sham" objections to

certain permits and approvals that prevented Hanover from constructing the proposed Wegmans. *Id*.

By Opinion and Order (ECF No. 29 and 30), the case was dismissed in its entirety on October 2, 2014 without leave to amend. Judge Chesler granted the Defendants' Motion to Dismiss concluding that Plaintiff lacked standing to pursue either of its Sherman Act claims. The case was appealed.

On November 12, 2015 the Third Circuit affirmed in part, vacated in part, and remanded the case for further proceedings. The Third Circuit ruled that "for attempted monopolization of the market for full-service supermarkets, the District Court took too narrow a view of antitrust injury" and "Hanover Realty can establish that its injury was inextricably intertwined with Defendants' anticompetitive conduct." *Hanover 3201 Realty, LLC v. Vill. Supermarkets, Inc.*, 806 F.3d 162, 166-67 (3d Cir. 2015) (internal quotations omitted). With respect to "the claim for attempted monopolization of the market for rental space" the Third Circuit affirmed the District Court's finding that Hanover "does not compete with Defendants in that market." *Id*. The District of New Jersey reinstated the Plaintiff's remaining Sherman Act claim on July 7, 2016. (ECF No. 43).

Defendants filed the instant motion (ECF No. 47), on July 15, 2016 requesting bifurcated discovery. They believe that Village Supermarkets does not have monopoly power and the "lone federal claim is factually and legally baseless." (Brief, at 1) (ECF No. 47-1). Defendants want the Court to "limit the first stage of discovery to Village Supermarkets' lack of monopoly power in the alleged market" followed by dispositive motion practice. (Brief, at 1). According to Village Supermarkets' its ShopRite does not have a monopoly because the Morris Plains Super Stop & Shop is a "full-service supermarket" that competes in the same alleged market. (Brief, at 8).

On July 29, 2016, Plaintiff filed its brief in opposition to Defendants' Motion to Bifurcate (henceforth "Opp. Brief") (ECF No. 54).  Plaintiff contends that bifurcation will be inefficient and prejudicial because "Village's anticompetitive conduct including . . . its practices and policies regarding filing sham petitions to harm market rivals and restrain trade will be a prominent part of the discovery taken."  (Opp. Brief, at 6).  This discovery will be integral to proving Hanover's monopolization claim, specifically that "the defendant engaged in predatory or anti-competitive conduct" and has "a dangerous probability of achieving monopoly power."  (Opp. Brief, at 5).  Plaintiff also is concerned that it will have to depose many of the same individuals twice if Village is unsuccessful on summary judgement.  (Opp. Brief, at 9).

Pursuant to Federal Rule of Civil Procedure 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues."  The decision to bifurcate "rests in the Courts [broad] discretion" to resolve discovery disputes as it sees fit.  *Weiss v. First Unum Life Ins. Co.*, No. CIV.A.02-4249(GEB), 2008 WL 755958, at *1 (D.N.J. Mar. 19, 2008).  Courts have found that bifurcating discovery where one issue "could prove to be dispositive will promote judicial economy."  *Id*.

However, courts "in this district do not routinely grant motions to bifurcate discovery, unless there is some showing on the part of the moving party as to why bifurcation is appropriate."  *Cephalon, Inc. v. Sun Pharm. Indus., Ltd.*, No. CIV.A. 11-5474 FLW, 2013 WL 3417416, at *3 (D.N.J. July 8, 2013).  In fact the Third Circuit has "condemned the district court's practice of bifurcating [] as a general rule."  *Barr Lab., Inc. v. Abbott Lab.*, 978 F.2d 98, 115 (3d Cir. 1992).  Bifurcation is "the exception" and "the moving party bears the burden of demonstrating that bifurcation" is needed.  *Cephalon, Inc.*, No. CIV.A. 11-5474 FLW, 2013 WL 3417416, at *3.

Courts look to balance the extent to which bifurcation "will allow the Court to address a narrow, potentially dispositive issue in a timely and cost effective manner with" any potential prejudice to the opposing party. *Physicians Healthsource, Inc. v. Janssen Pharm., Inc*., No. CIV.A. 12-2132 FLW, 2014 WL 413534, at *5 (D.N.J. Feb. 4, 2014). "[W]hether the advantages of bifurcation outweigh the disadvantages" is a factual inquiry assessed on a case-by-case basis. *Cephalon, Inc.*, No. CIV.A. 11-5474 FLW, 2013 WL 3417416, at *4. Some factors to consider are if "(a) there will be overlap in testimony and evidence between the two proceedings, (b) the issues to be decided at trial are complex and the factfinder is likely to become confused, (c) bifurcation will promote settlement, and (d) a single trial will cause unnecessary delay." *Glennon v. Wing Enterprises, Inc.*, No. CIV.A. 10-0324 JAP, 2010 WL 4782773, at *14 (D.N.J. Nov. 17, 2010).

The parties argued extensively in briefing over whether the Morris Plains Stop & Shop is a full-service supermarket, and what impact that has on Village's monopoly power. The merit of Defendants' summary judgement motion on Village's monopoly power is not before the Court. For bifurcation, the Court must consider whether Village's monopoly power alone is a dispositive issue; if so, what discovery is relevant to that issue; and the related interests of the parties in focusing discovery solely on that issue.

Despite Defendants suggestion, Village Supermarkets market share or lack thereof is not the sole consideration for determining its monopoly power. Among experts there is often a "presumption that attempt [of monopoly power] does not occur in the absence of a rather significant market share." *Acme Markets, Inc. v. Wharton Hardware & Supply Corp.*, 890 F. Supp. 1230, 1241 (D.N.J. 1995). But, what "constitutes a market share significant enough to demonstrate a dangerous probability of attaining monopoly power has not been clearly defined in case law."

*Id*.  Simply proving that Morris Plains Super Stop & Shop is a full-service supermarket operating in Hanover may not warrant dismissal of the federal claim.  Both parties have acknowledged that percentage of market share is not the only factor to consider in determining Village's serious chance of obtaining monopoly power.  (Opp. Brief, at 5) (citing to Defendants' Brief, at 11) (stating, "the defendant's market share is a necessary, though not sufficient, element of the dangerous probability of success"). [1]

In arguing Village's anticompetitive conduct is irrelevant to the monopoly power inquiry, Defendants compare the alleged sham petitions in this case to the anticompetitive conduct in *Acme Markets*.  (Reply Letter, at 5).  In *Acme Markets*, Judge Simandle ruled defendant's anticompetitive conduct of enforcing the restrictive covenant would not increase its "market share from its current non-monopoly level" and granted summary judgment on the Sherman Antitrust claim.  Village's ShopeRite is two miles from the proposed Wegman's location.  Unlike in *Acme Markets*, Village could continue to employ the same "sham" objection tactics for future competitors in the relevant geographic region.  Discovery regarding these tactics is critical to determining if there is a valid federal claim.  If true, Village Supermarkets' practice of filing sham petitions will go directly to proving Defendants engaged in anticompetitive conduct and may achieve monopoly power in the future, two of the three factors needed to prove attempted monopolization under the Sherman Antitrust Act § 2.  (Opp. Brief at 5-6). [2]

---

[1] *Acme Markets, Inc. v. Wharton Hardware & Supply Corp.*, 890 F. Supp. 1230, 1241 (D.N.J. 1995), cited by Defendants' in their Reply Brief indicates that "[c]ourts primarily look to the size of a defendant's market power to determine whether a defendant presents a dangerous probability of gaining monopoly power" but, "other factors considered include the strength of competition, projections on industry development, barriers to entry, the nature of the anti-competitive conduct, and the elasticity of consumer demand."

[2] Under the Sherman Antitrust Act § 2, "to demonstrate attempted monopolization a plaintiff must prove (1) that the defendant has engaged in predatory or anticompetitive conduct with (2) a specific intent to monopolize and (3) a dangerous probability of achieving monopoly power." *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 456 (1993).

Defendants have not met their burden to show there is a significant need for bifurcation. The distinction Defendants wish to draw in discovery is arbitrary given the three factors needed to prove attempted monopolization. Additionally, there has been no showing that bifurcation will promote judicial economy and it may disadvantage Plaintiff.

**ACCORDINGLY, IT IS** on this 31st day of August, 2016,

**ORDERED** that Defendants Village Supermarkets, Inc., et al's motion to bifurcate discovery is **DENIED**; and

**FURTHER ORDERED** that the Clerk shall terminate ECF No. 47.

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**