UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HANOVER 3201 REALTY, LLC, | Civil Action No. 14-1327 (SRC) |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| VILLAGE SUPERMARKETS, INC. et al., | |
| Defendants, | |
| v. | |
| MACK-CALI REALTY CORP. et al., | |
| Third-Party Defendants. | |

**CHESLER**, District Judge

This motion comes before the Court on the motion to dismiss the Counterclaim/Third-Party claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a valid claim for relief by Plaintiff Hanover 3201 Realty, LLC ("Hanover") and Third-Party Defendant Mack-Cali Realty Corporation ("MCRC"). For the reasons stated below, the motion to dismiss will be granted.

The Amended Complaint alleges a dispute between Hanover and Defendants Village Supermarkets, Inc. and Hanover and Horsehill Development, LLC (collectively, "Defendants") over property development. In the Answer, Defendants asserted one claim as

both a Counterclaim against Hanover and a Third-Party claim against MCRC[1] for malicious abuse of legal process. Hanover and MCRC now move to dismiss this claim.

The Counterclaim/Third-Party claim alleges:

> 118. Counterclaim Defendants caused to be filed a Complaint and caused process to be issued upon Counterclaim Plaintiffs in the District of New Jersey.
>
> 119. After process was issued in this action, Counterclaim Defendants maliciously abused that process by knowingly and improperly filing an Amended Complaint which deleted material facts and added objectively baseless claims and allegations in order to improperly preserve subject matter jurisdiction in federal court.
>
> 120. Counterclaim Defendants deleted the material facts and added the objectively baseless claims and allegations in order to harass and oppress Counterclaim Plaintiffs, namely to force them to litigate in an improper court system and to cause them to incur substantial expense defending claims and allegations which Counterclaim Defendants knew were objectively baseless.
>
> 121. Counterclaim Plaintiffs were damaged by Counterclaim Defendants' malicious abuse of process.

(Answer at 56.)

Hanover and MCRC move to dismiss the Counterclaim/Third-Party claim on the ground that it fails to state a valid claim for relief under New Jersey law. Specifically, Hanover and MCRC argue that the Counterclaim/Third-Party claim does not allege facts supporting the inference that the Counterclaim Defendants acted to coerce or oppress Plaintiff and that "[i]n the absence of some coercive or illegitimate use of the judicial process there can be no claim for its abuse." (Pl.'s Br. at 9.)

In opposition, Defendants do not address this argument. Instead, Defendants focus on

---

[1] The Third-Party Complaint alleges that Hanover is a fully-owned subsidiary of MCRC. (Answer at 25.)

2

arguing that the filing of the Amended Complaint, which asserted "objectively baseless" allegations, constitutes a "further act" and, somehow, this satisfies the pleading requirements for malicious abuse of legal process. Defendants acknowledge that, as an essential element of the tort, New Jersey law requires a coercive or illegitimate use of the judicial process,[2] but do not point to what facts the Counterclaim pleads to support that element. Defendants thus fail to respond effectively to the movants' main argument and, indeed, this Court does not discern how the filing of an Amended Complaint can, without more, plausibly support the inference that Hanover and MCRC used the legal process to coerce Defendants. The pleading itself makes only the conclusory assertion that, in amending the Complaint, Plaintiff acted "in order to harass and oppress Counterclaim Plaintiffs, namely to force them to litigate in an improper court system and to cause them to incur substantial expense defending claims and allegations which Counterclaim Defendants knew were objectively baseless." (Am. Compl. ¶ 120.) This states a legal conclusion; it does not allege any facts which make plausible the inference that Plaintiff

---

[2] The parties have no dispute over the applicable New Jersey law:

> The tort of malicious abuse of process lies not for commencing an improper action, but for misusing or misapplying process after it is issued. To be found liable for malicious abuse of process, a party must have performed additional acts "after issuance of process 'which represent the perversion or abuse of the legitimate purposes of that process.'" We have further clarified that "process is not abused unless after its issuance the defendant reveals an ulterior purpose he had in securing it by committing 'further acts' whereby he demonstrably uses the process as a means to coerce or oppress the plaintiff." In order for there to be "abuse" of process, therefore, a party must "use" process in some fashion, and that use must be "coercive" or "illegitimate."

Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415, 431 (N.J. Super. Ct. App. Div. Jan. 5, 2009) (citations omitted).

amended the Complaint to coerce Defendants.[3]

The Counterclaim does not meet the pleading standards of Iqbal and Twombly. A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 127 S. Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (internal citations omitted); see also Fed. R. Civ. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted). Factual allegations must be well-pleaded to give rise to an entitlement to relief:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a

---

[3] The Court comments that Defendants appear to be attempting to turn an alleged act of frivolous litigation into a tort. This gist of the Counterclaim is that Plaintiff amended the Complaint to make frivolous claims. Defendants contend that filing the Amended Complaint "abused the litigation process and forced Village to continue in this baseless and costly federal action." (Defs.' Opp. Br. 13.) The law has a number of remedies available to those who suffer the effects of frivolous litigation, but they are not generally tort law remedies. Frivolous litigation and malicious abuse of legal process are different things with different remedies.

4

> complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). The Answer does not contain sufficient well-pleaded factual allegations to plausibly give rise to an entitlement to the relief that the Counterclaim seeks. The motion to dismiss the Counterclaim/Third-Party claim will be granted.

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy." New York v. Hill, 528 U.S. 110, 118 (2000). Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). "When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Defendants' opposition points to no unpled facts that might allow an amended counterclaim to withstand a future motion to dismiss. This Court concludes, therefore, that amendment is futile. Because amendment is futile, the Counterclaim/Third-Party claim will be dismissed with prejudice.

Because the motion to dismiss the Counterclaim will be granted, the motion to strike certain parts of the Answer is moot.

For these reasons,

**IT IS** on this 7th day of September

**ORDERED** that the motion to dismiss the Counterclaim/Third-Party claim (Docket Entry No. 60) is **GRANTED**, and the Counterclaim/Third-Party claim is hereby **DISMISSED** with prejudice.

                                            s/ Stanley R. Chesler
                                            Stanley R. Chesler, U.S.D.J