NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HANOVER 3201 REALTY, LLC,<br>    Plaintiff,<br> v.<br>VILLAGE SUPERMARKETS, INC., et al.,,<br>    Defendants,<br> v.<br>MACK-CALI REALTY CORP., et al.,<br>    Third-Party Defendants. | Civil Action No. 2:14-cv-1327 (SRC)(CLW)<br><br>**OPINION & ORDER** |

   **THIS MATTER** comes before the Court upon an informal motion by Defendant Village Supermarkets, Inc., ("Village Supermarkets"), to compel discovery. (*See* ECF No. 110, at 4.) The Court heard oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure and, for the reasons set forth below, the Court denies Defendant's request.

**I. Procedural History**

   On February 28, 2014, Plaintiff, Hanover 3201 Realty, LLC ("Hanover"), filed suit against Defendants in the District of New Jersey under the Sherman Antitrust Act, 15 U.S.C. § 2, for monopolizing, attempting to monopolize, and conspiring to monopolize (1) the market for "full-service supermarket[s]" in the "greater Morristown" area; and (2) the market for "full-service supermarket shopping center[s]" in the "greater Morristown" area. (Amended Complaint, ¶¶ 178-190 and ¶¶ 191-200, ECF No. 11).

   By Opinion and Order the case was dismissed on October 2, 2014 in its entirety without leave to amend (ECF Nos. 29, 30). Judge Chesler granted the Defendants' Motion to Dismiss

concluding that Plaintiff lacked standing to pursue either of its Sherman Act claims. The case was appealed. On November 12, 2015 the Third Circuit affirmed in part, vacated in part, and remanded the case for further proceedings.

### a. *Village's Position*

Defendant first raised the discovery request before the Court, on December 4, 2017 (ECF No. 110, at 4.) Specifically, Village requested documents pertaining to "(1) Hanover's communications with governmental agencies such as the New Jersey Department of Environmental Protection; (2) the 1978 Developers Agreement; and (3) affirmative statements pled in its original complaint." (*Id*.) Defendant indicated these documents were all "highly relevant to its proofs with respect to applicability of *Noerr-Pennington*." (*Id*.) Defendant seeks "documents related to Village's sham challenges to the Wegmans" because the "underlying challenges are the only anticompetitive or tortious conduct that Hanover alleges against Village, and because *Noerr-Pennington* immunity defeats all of Hanover's claims unless the 'sham' exception applies." (*Id*.) For this reason Village believes the "issue of whether those challenges were or were not 'shams' is critically important." (*Id*.)

Village maintains that the "Third Circuit did not resolve that issue; it held merely that Hanover had plausibly pled the 'sham' exception applied." (ECF No. 110, at 4.) Defendant's position regarding the motion to compel is the "Court should permit full fact-finding as to each underlying challenge because such discovery is not merely relevant, but necessary, to determining the challenges' objective merit and other factors pertinent to the 'holistic' review mandated by the Third Circuit."

### b. *Hanover's Position*

Hanover objects to producing "all of Hanover and Village's submissions to the agencies and courts relating to those challenges because the final decisions on each challenge . . . are what is relevant . . . not the underlying submission to the agencies and courts." (ECF No. 115, at 5.) Plaintiff argues that the cases relied on by Village are single challenge cases. Hanover believes the Third Circuit found "Village had engaged in a series of sham challenges, so the 'series of petitions' analysis is the appropriate standard." (*Id.*) Under the series challenge analysis Plaintiff believes "whether each individual challenge was objectively baseless . . . is simply not relevant to the claims in the case."

### c. *Third Circuit Decision*

The Third Circuit ruled that, in relevant part, Hanover "had standing to bring antitrust violation action against" Village and Village "was not entitled to *Noerr-Pennington* immunity." *Hanover 3201 Realty, LLC v. Village Supermarkets, Inc. et al*, 806 F. 3d 162, 162 (3rd Cir. 2015). As described by the Third Circuit, *Noerr-Pennington* provides "broad immunity from liability to those who petition the government, including administrative agencies and courts, for redress of their grievances." *Id.* at 178. But *Noerr-Pennington* is not absolute. The Supreme Court has recognized an exception to this immunity where a petition "is a mere sham to cover what is actually nothing more than an attempt to interfere directly with the business relationships of a competitor." *Id.* In these instances application of the Sherman Act is justified.

Two tests were articulated by the Third Circuit in the *Hanover* case, relying on three prior Courts of Appeals decisions to differentiate between a "single challenge" analysis and a "series of petitions" analysis. In a single challenge case a party must show "objective baselessness before looking into subjective motivations . . . [i]n contrast, a more flexible standard is appropriate when

dealing with a pattern of petitioning." *Id*. at 180. In those cases "even if a small number of the petitions turn out to have some objective merit that should not automatically immunize defendants from liability." *Id*. at 180.

The Third Circuit in this case applied the sham litigation standard for a series of legal proceedings explaining the relevant inquiry is "whether a series of petitions were filed with or without regard to merit and for the purpose of using the government process . . . to harm a market rival and restrain trade." *Hanover 3201 Realty, LLC*, 806 F. 3d at 180. The Circuit noted that "when faced with a series or pattern of lawsuits, 'the question is not whether any one of them has merit . . . but whether they are brought pursuant to a policy of starting legal proceedings without regard to the merits and for the purpose of injuring a market rival.'" *Id.* at 180. Reasoning that "[i]f more than an insignificant number of filings have objective merit, a defendant likely did not have a policy of filing 'willy-nilly' without regard to success." *Id*. at 181.

In evaluating the four actions Village filed against Hanover the Third Circuit concluded Hanover "can establish that Defendants had a policy of filing anticompetitive sham petitions." *Id*. at 181. The "Defendants . . . insignificant success along the way does not alter the analysis when reviewing a pattern or series of proceedings." In the Third Circuit's opinion Hanover "can establish that the sham exception to *Noerr–Pennington* immunity applies because it sufficiently alleges that Defendants 'instituted the proceedings and actions . . . with or without probable cause, and regardless of the merits of the cases." *Hanover 3201 Realty, LLC*, 806 F.3d at 182–83 (citing *California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 516 (1972)).

**II. Discussion**

At oral argument, Defendant made it clear that its position is not that the single challenge analysis should apply, but rather that under the series analysis the discovery sought is still relevant.

Defendant supports this position by citing to one specific paragraph of the Third Circuit Opinion where the Court uses phrases such as "holistic review;" "objective merit;" and "meritless and objectively baseless" when describing how to determine if there is "a policy of filing petitions with or without regard to merit." *Hanover 3201 Realty, LLC*, 806 F.3d at 180-81.

### a. Third Circuit's Reliance

To understand the Third Circuit's intended application of these terms it is imperative to look to the underlying cases the Circuit references as the basis for the terms. When articulating the need for a "holistic review" the Third Circuit cites to *Waugh Chapel S., LLC v. United Food & Commercial Workers Union Local 27*, 728 F.3d 354 (4th Cir. 2013). *Waugh Chapel* describes a "holistic review" as an assessment of "whether 'the administrative and judicial processes have been abused.'" *Waugh Chapel S., LLC*, 728 F.3d at 364 (quoting *California Motor*, 404 U.S. at 513). The focus of the analysis is the "pattern of the legal proceedings, not their individual merits." *Waugh Chapel S., LLC*, 728 F.3d at 364. The theory being that "moments of merit within a series of lawsuits is not inconsistent with a campaign of sham litigation, for 'even a broken clock is right twice a day.'" *Waugh Chapel S., LLC*, 728 F.3d at 365 (citing *USS-POSCO Indus. v. Contra Costa Cty. Bldg. & Const. Trades Council, AFL-CIO*, 31 F.3d 800, 810 (9th Cir. 1994)).

When discussing "objective merit" and "meritless or objectively baseless" proceedings in the context of the series test, the Third Circuit cites to two cases: (1) *USS-POSCO Industries v. Contra Costa City. Building & Construction Trades Council, AFL-CIO*, 31 F.3d 800 (9th Cir. 1994); and (2) *City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365 (1991).

*USS-POSCO Industries* defines objectively baseless as the idea that "no reasonable litigant could realistically expect success on the merits." *USS-POSCO Industries*, 31 F.3d at 810. The Ninth Circuit goes on to explain that "[w]hen dealing with a series of lawsuits, the question is not

whether any one of them has merit—some may turn out to, just as a matter of chance—but whether they are brought pursuant to a policy of starting legal proceedings without regard to the merits and for the purpose of injuring a market rival." *Id*. at 811.

*City of Columbia* similarly describes "sham situations" as involving "a defendant whose activities are not genuinely aimed at procuring favorable government action at all." *City of Columbia*, 499 U.S. at 380. Neither of these cases relied on by the Third Circuit provide any basis for compelling Hanover to produce the documents requested. At no point does the Ninth Circuit or Supreme Court suggest that an evaluation of objective merit or baselessness entails evaluating the petitions anew.

### b. *Village's Reliance*

Even in the cases cited by Village—all single challenge cases—there is no indication courts have analyzed the merits of a particular challenge by examining all the documents produced to the governing court or agency. Courts in the cases Defendant cites to look at the actions taking by the objector and the information the objector had prior to filing, when analyzing the objective merit of a challenge.

*Professional Real Estate*, a case relied on heavily by Defendant, explains the "objective prong of the sham exception [as] . . . the pursuit of claims so baseless that no reasonable litigant could realistically expect to secure favorable relief." *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 62 (1993). Chief Judge Simandle in *Otsuka Pharmaceutical Company v. Torrent Pharmaceutical Ltd., Inc.*, 118 F. Supp. 3d 646 (D.N.J. 2015), describes the inquiry into whether an action is "'objectively and subjectively baseless' [as] . . . turn[ing] upon issues of reasonableness and intent." The court should analyze whether the objector "undertook a reasonable investigation;" "undertook [the] action for an improper and anticompetitive purpose;"

and "whether a reasonable litigant could have realistically expected success on the merits at the time of filing." *Otsuka Pharm. Co.*, 118 F. Supp. 3d 646 (D.N.J. 2015). The relevant question is what the objector's claim is "based on" and whether Plaintiff can demonstrate "that no reasonable person could have relied upon [Defendant's] proffered material to support the belief that he had a reasonable possibility of prevailing." *Tyco Healthcare Grp. LP v. Mut. Pharm. Co.*, No. Civ. 07-1299, 2015 WL 3460790, at *4-*5 (D.N.J. May 29, 2015).[1]

### III. Conclusion

Neither the cases relied upon by the Third Circuit in the *Hanover* decision, nor the cases cited by Defendant provide adequate support for the discovery Defendant requests. All the case law before this Court indicates the relevant question is what information the objector had prior to filing the petitions in question. Documents in Hanover's possession that were later submitted as part of its defense to these challenges would serve little purpose—unless this Court was going to reevaluate the merits of the challenges. There is no case to suggest that this would be an appropriate mechanism for evaluating the objective baselessness or objective merit of a challenge.

Even in the single challenge cases Village references, where courts employ a stricter two-tier test, the objective merit of a challenge is viewed from the perspective of the challenge filer and what was known to those litigants at the time of filing.[2] There is no basis within the Third Circuit's Opinion, the opinions cited to by the Circuit, or Defendant's submissions to support the definition of "objective merit" that Defendant proposes. Defendant is requesting documents that Hanover submitted to the government agencies. These documents would only be useful if this

---

[1] "The Court requires an inquiry into the reasonableness of the antitrust defendant's litigation **when filed**. '[S]ham litigation must constitute the pursuit of claims so baseless that no reasonable litigant could realistically expect to secure favorable relief.'" *FilmTec Corp. v. Hydranautics*, 67 F.3d 931, 938 (Fed. Cir. 1995) (citing *Professional Real Estate*, 508 U.S. at 61) (emphasis added).

[2] That does not include looking into the motivations or intentions of that party in the first instance—that falls within the subjective prong of that test.

Court was required to reassess the decisions made by those government agencies. Thus, for the foregoing reasons Defendant's request to compel production of documents is denied.

## ORDER

**ACCORDINGLY, IT IS** on this 9th day of April, 2018,

**ORDERED** that Defendant Village's informal motion to compel discovery is **DENIED**.

<u>*s/Cathy L. Waldor*    </u>
**CATHY L. WALDOR**
**United States Magistrate Judge**